JOHN F. BOYER

v.

HATTIE C. SHERER.

*Breach of Promise of Marriage—Evidence.*

In an action for breach of promise of marriage, this court reverses the judgment for the plaintiff, the verdict being unsupported by the evidence.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Edgar County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SELLAR & DOLE, HENRY S. TANNER and ROBERT L. McKINLAY, for appellant.

Mr. HORACE S. CLARK, for appellee.

CONGER, P. J. This was a suit in assumpsit, for the alleged breach of a marriage contract. Appellee recovered a verdict for $1,000, upon which judgment was rendered, and appellant brings the case to this court for review.

Appellee was a married woman up to December 11, 1882, when she procured a divorce in Terre Haute, Indiana, where she then lived. On or about the 20th of December, 1882, she, at the solicitation of appellant, removed to Kansas, in Edgar county, the home of appellant, and lived in a house furnished by him until the fall of 1886, when appellant was married, and on the 2d day of September, 1886, this suit was instituted. Appellant and appellee were criminally intimate from some time in 1881, until a short time before appellant's marriage in the fall of 1886.

They contradict each other flatly as to the alleged contract of marriage, appellee testifying that it was originally made prior to her divorce in December, 1882, and renewed from time to time afterward, while appellant positively denies that such a contract was ever entered into by him.

The evidence offered by appellee as tending to corroborate her story is principally contained in a large number of letters written her at various times from 1882 to 1886 by appellant. We have carefully read this correspondence. It is so foul and disgusting, so full of hypocritical cant, lechery and lust, as to convince us that instead of tending to prove a desire for honorable marriage, it but expresses the impure desires of one toward his mistress, and it is difficult to understand how appellee could have regarded it in any other light. Certainly no woman who had the proper respect for herself, would for one moment rely upon such letters as appear in the record, as

showing an honorable and upright purpose upon the part of the writer.

She also introduced two of her own letters written to appellant just before his marriage, but after she knew it was to take place, and in them, while she seems to regret that their relations are to terminate she makes no objection to his marriage, nor intimates that he is in any way bound to her. There is, besides, the testimony of some of the neighbors as to admissions of appellee, which tend to contradict her story.

After a careful consideration of the evidence, we are of opinion it did not warrant the jury in finding that a contract of marriage existed between the parties, and we think the case should have been submitted to another jury.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*